

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
FILED
FEB 07 2023
AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 6:22-CR-57-REW

UNITED STATES OF AMERICA　　　　　　　　　　　　　　　　　　PLAINTIFF

V.　　　　　　　　　　　**PLEA AGREEMENT**

JOSEPH DYE　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1 and 2 of the Indictment, charging a violation of 18 U.S.C. §§ 371, 922(a)(3), and 924(a)(1)(D), conspiracy to transport firearms interstate, and 18 U.S.C. §§ 922(a)(3) and 924(a)(1)(D), receipt of a firearm acquired outside state of residence.

2. The essential elements of Count 1 are:

　　(a) Two or more person conspired, or agreed, to commit the crime of transporting firearms interstate, that is, the willful receipt into a state in which a person resides a firearm that such person, not being licensed to import, manufacture, deal, or collect firearms, purchased or otherwise obtained outside the person's state of residence; and

　　(b) The defendant knowingly and voluntarily joined the conspiracy; and

　　(c) A member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy.

3. The essential element of Count 2 are:

　　(a) The Defendant was not licensed to deal, import, manufacture, or collect firearms; and

    (b) The Defendant willfully received in the state in which he resided a firearm that the Defendant had purchased or otherwise obtained outside that state.

4. As to Counts 1 and 2 of the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) From approximately July 2020 to April 2021, the Defendant conspired with K.G. and J.S. to buy, sell, and transport firearms, with the ultimate object of the conspiracy being to transport firearms acquired in the Eastern District of Kentucky to the Defendant in Chicago, Illinois. The Defendant was a resident of Illinois and was not a resident of Kentucky. Among the Defendant, J.S., and K.G., none possessed a license to import, manufacture, deal, or collect firearms. During this same period, the Defendant resold for profit firearms he acquired from the Eastern District of Kentucky.

    (b) The Defendant repeatedly coordinated with K.G. to acquire the types of firearms that the Defendant desired and with J.S. to transport firearms from eastern Kentucky to the Defendant in Chicago. The Defendant could sell firearms in Chicago at a higher price than what he paid his co-conspirators to acquire them in Kentucky because he sold them to individuals who could not lawfully purchase those firearms. The Defendant sold at least twenty firearms to a member of a Chicago-based motorcycle club that is involved in firearm trafficking and drug trafficking.

    (c) One of the overt acts the Defendant and his co-conspirators committed in furtherance of this conspiracy was K.G.'s purchase of a Smith & Wesson M&P 45 pistol bearing serial number DSY8948 in Kentucky and J.S.'s transport of that pistol from Pulaski County on or about November 12, 2020 to the Defendant in Chicago, Illinois. Law enforcement recovered that pistol from a suspect arrested in a Chicago suburb on November 16, 2020.

    (d) Another overt act the Defendant and his co-conspirators committed in furtherance of this conspiracy was K.G.'s purchase of a Springfield XD9 pistol bearing serial number BY529416 on or about March 8, 2021 in Kentucky. K.G. purchased this firearm for the purpose of providing it to the Defendant, and he coordinated between the Defendant and J.S. for the delivery of that pistol to the Defendant in Chicago, Illinois on or about April 10, 2021. Law enforcement

recovered that pistol after it was used in a shooting in Minneapolis, Minnesota in April 2021.

5. The statutory punishment for Counts 1 and 2 is, on each Count, imprisonment for not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

   (a) The most recent version of the United States Sentencing Guidelines (U.S.S.G.) manual at the time of sentencing will determine the Defendant's guidelines range.

   (b) Pursuant to U.S.S.G. § 2K2.1(a)(7), the base offense level is 12.

   (c) Pursuant to U.S.S.G. § 2K2.1(b)(1)(D), increase the offense level by 8 levels because the offense involved between 100 and 199 firearms.

   (d) Pursuant to U.S.S.G. § 2K2.1(b)(5), increase the offense level by 4 levels because the Defendant engaged in the trafficking of firearms.

   (e) Pursuant to U.S.S.G. § 3B1.1(c), increase the offense level by 2 levels because the Defendant was an organizer, leader, manager, or supervisor in the criminal activity.

   (f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

9. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from

the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 2/7/2023

By: *[signature]*
Gregory Rosenberg
Assistant United States Attorney

Date: 2-7-23

*[signature]*
Joseph Dye
Defendant

6

Date: 2/7/23

Bradley Clark
Attorney for Defendant

7