UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:22-CR-57-REW-HAI |
| v. | ) | |
| | ) | ORDER |
| JOSEPH DYE, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 36 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Joseph Dye's guilty plea and adjudge him guilty of Counts 1 and 2 of the Indictment. *See* DE 1 (Indictment); DE 39 (Recommendation of Acceptance of Guilty Plea). Judge Ingram expressly informed Dye of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 39 at 3. The established deadline has passed without objection from any party.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 39, **ACCEPTS** Dye's guilty plea, and **ADJUDGES** Dye guilty of Counts 1 and 2 of the Indictment;

2. The Court **CANCELS** the jury trial; and

3. The Court will issue a separate sentencing order.[1]

This the 10th day of February, 2023.

Signed By:
*Robert E. Wier*    *REW*
United States District Judge

---

[1] Subject to intervening orders, Dye will remain on bond pending sentencing, *see* DE 36, preserving his status following a detention hearing in the arresting district. *See* DE 13-2 (Northern District of Illinois Detention Hearing Minute Entry); *see also* DE 15 (Arraignment Minute Entry). The conviction is not one triggering mandatory remand, under § 3143. If the Government disagrees with this status, it shall file a motion.